ALBERT MOYER

*v.*

FLORA HOWARD MOYER.

[Decided March 12th, 1909.]

In a suit by a husband against his wife for divorce on the ground of adultery, evidence *held* to show that defendant was not a proper person to have the custody of the parties' child pending the proceeding.

On petition for custody of child.

*Mr. Alfred F. Skinner,* for the petitioner.

*Mr. Sherrerd Depue* and *Mr. Frank P. McDermott,* for the defendant.

HOWELL, V. C.

The proceeding now before the court is an application made in a pending divorce suit for the custody of the only child of the marriage. This child, Margaret, is seven years and eight months of age. She is now in the custody of her mother, who is the defendant in the divorce case, and who is therein charged with having committed adultery. The petition for divorce was filed in August of the present year. The citation was served upon the defendant on October 2d. The time for answering has not yet expired, and the respondent has not yet filed an answer.

The petition for custody of the child alleges the unfitness of the mother as her custodian, and prays that the custody may be

given to the petitioner, the father, pending the decision of the main question between them. The allegations of unfitness of the wife contained in this petition are supported by affidavits tending to show the truth of the allegations. On the filing of the petition on October 9th an order was made requiring the defendant to show cause on October 12th why the prayer of the petition should not be granted. On October 12th the respondent appeared by counsel and sought a continuance upon the ground that the time which had elapsed between the service of the order and the return day was so short that counsel had had no opportunity to prepare for the defence. The motion was thereupon continued until October 15th. On October 15th the respondent appeared in court with her counsel and brought with her the child. Counsel announced that they would file no answer nor submit any answering affidavits, but were ready to go to hearing on the petition alone. The petitioner sought leave to examine witnesses orally before the court for the purpose of showing the fitness and the faculties of the father and his family, consisting of his mother and his sister, for caring for the child. The facts stated in the affidavits submitted to the court are, therefore, without denial. I take it that this position of the respondent is a deliberate one and is assumed by counsel after a careful examination into the facts. The statements relate to two matters—*first,* the main question in the original suit, viz., infidelity of the wife, and *second,* her actions toward her child, which are undoubtedly meant by the petitioner to show to the court that the mother has little or no affection for the child. In the ordinary case which is contested upon the facts, that is to say upon facts adduced by the petitioner and facts in denial thereof adduced by the respondent, I would consider it my duty to pass by the charges of infidelity without doing more than noticing that there were such charges and recriminations, if any, and not undertake to decide this question on a collateral inquiry or allow the judicial mind to be influenced one way or the other by them. The rule is very well expressed by Sir Creswell Creswell in the case of *Ryder* v. *Ryder, 2 Sw. & Tr. 225,* where he said: "The duty of the court was to look at all the actual circumstances of the present application, the age of the children, the position in

which they find themselves in relation to other members of the family, the fact that a suit is pending between the parents in which such and such charges are made on both sides, but not to attempt to ascertain the truth or falsehood of the charges." In that case, however, there occurred the very situation of which I speak. The case was for divorce and contained cross-petitions, each party alleging that the other had committed a matrimonial offence, so that the question of guilt was necessarily an open matter before the court and could not be decided without impinging upon the function of the final hearing of the cause. How different is this case on that point. Here the allegations are without denial. The wife is accused of startling acts of infidelity and she comes in court with eminent counsel and stands mute. Can this happen in the presence of any court and the judgment of the court not be affected by it? She might have denied the allegations of the original petition by a due and formal answer in the original cause, although she was not obliged to do it until the last day for answering was about to expire. She might have denied it by a simple affidavit in response to the secondary petition, at least her counsel might have denied the allegations orally; but even then she and they would have been confronted by her letters, copies of which are annexed to the petition, which are a virtual admission of her guilt. This seems to be the present aspect of the case. The final hearing may develop other facts and other circumstances which will conclusively show the innocence of the defendant. I am speaking only of the present application and the facts that are now put before me to influence my decision. I hesitate to place my decision of this motion upon the ground just suggested, because it may seem like a prejudication of the main cause of action. I turn to the second element that I have mentioned and I think that I find there sufficient facts to justify me in declaring this woman unfit to have the present custody of her child. It must be remembered that the time for answering in the original cause has not yet expired, that the present appearances are that the litigation between these parties will be sharp and long. If the case shall be heard in this court and reviewed in the court of errors and appeals at least a year and a half must elapse before a final

decree can be entered, and considering the delays of litigation, as we all know them to be, it would not be surprising if the lapse of time would extend to two years. By that time this child will be nearly ten years of age, of sufficient years to absorb from her custodian habits of life and conversation which will last her to her grave. And it is this influence to which this susceptible child is exposed that forces itself most strongly on my mind. In 1904, when this child was between three and four years of age, occurred the first act of misconduct which is alleged in the petition. It continued into the year 1905 and caused an estrangement between the husband and wife and arose out of matters for which the wife solely, as appears by the facts set out in the petition, is responsible. In May, 1907, the defendant went abroad without her husband, leaving her child, then about six years of age, in the care of the petitioner and his family. She did not return until the month of September, 1907, and from that time until the early part of the month of December of the same year was with her child and the child's grandmother at Newton. She made frequent trips from there to New York and sometimes stayed over night, for what purpose, of course, she does not explain, but during the first week in December she again embarked for Europe from the port of Boston in company with a man named Kip, leaving behind her her husband and her child, and traveling about Europe with this man Kip, and not returning to her husband and child until about the middle of August of the following year, 1908. At that time the child was in the custody of the father by her consent, in fact by her abandonment of it, and was specially cared for by the grandmother. From these and cognate facts appearing in the affidavits, and without at this time elaborating the repulsive details, I conclude that this defendant is not a fit person to have the custody of this child pending the final inquiry into her guilt or innocence. She appears not to have that high motive in life or that stability of character, or that idealistic affection which we attribute to true womanhood and true motherhood. She appears in fact to have very little affection for her child. No woman with any love in her heart could abandon an infant of such tender age to the care of any-

one, even the father, for eight months at a stretch without some compunctions, which she does not appear to have had.

I will commit the custody of this child, pending the present suit, to Mrs. Charles Moyer, its grandmother. Mrs. Moyer, the grandmother, must resume her actual residence in this, the state of her domicile, and must not, under any circumstances, without the leave of the court, remove the child from this jurisdiction.

It was quite satisfactorily proved in the case that the petitioner, Mr. Moyer, was a fit and proper person to whom the custody of his child might be safely committed, but I prefer that the grandmother should be the direct representative of the court in this matter, and I therefore commit the custody of the child to her.

The order will make provision for access to the child by both the father and the mother, and unless counsel can agree upon such a provision, I will determine what it shall be at the time of the settlement of the decree.